Filed 4/6/16  P. v. Hernandez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C079000 |
| Plaintiff and Respondent, | (Super. Ct. No. P13CRF0521) |
| v. | |
| RONNIE HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant Ronnie Hernandez was charged with a number of offenses related to driving under the influence.  He filed a motion to suppress the evidence obtained from the vehicle stop, alleging that the vehicle stop was unreasonable.  After the trial court denied the motion, defendant pled no contest to felony driving a motor vehicle while having a blood-alcohol concentration of .08 percent or above.  On appeal, defendant contends the trial court erred in denying his motion to suppress.  We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2013, El Dorado County Deputy Sheriff Bernard Brown was driving westbound on U.S. 50 when he saw defendant make a lane change on the westbound off-ramp to Missouri Flat Road without signaling. Deputy Brown could not remember precisely between which lanes defendant moved. Shortly after turning south on Missouri Flat Road, defendant made a second lane change without signaling, moving from the far right lane into the next lane before the far right lane turned off onto Mother Lode Road. At the time of the lane changes, there were several vehicles in proximity to defendant, including Deputy Brown's.

After the lane changes, Deputy Brown drove behind defendant and continued to watch him. While following defendant, Deputy Brown saw defendant swerve inside the lane two to three times. After observing the lane changes and the weaving, Deputy Brown suspected that defendant was driving under the influence of alcohol or another substance and pulled defendant over to investigate. Deputy Brown smelled a strong odor of an alcoholic beverage when he spoke to defendant. Deputy Brown administered field sobriety tests, which defendant performed poorly. After subsequent testing, Deputy Brown arrested defendant for driving under the influence of alcohol.

Defendant was charged with felony driving under the influence, felony driving a motor vehicle while having a blood-alcohol concentration of .08 percent or above, and misdemeanor driving while driving privileges were suspended for driving under the influence convictions. Defendant filed a motion to suppress the evidence obtained from the traffic stop. At the hearing on the motion, the court found there were two lane changes that required signals for purposes of the Vehicle Code because there were other drivers on the road, including Deputy Brown, who "may [have] be[en] affected by the

2

movement." (Veh. Code, § 22107.)[1] The court also found that defendant had weaved within his lane. The court suggested that each incident, if looked at in isolation, might not justify a DUI investigation, "[b]ut when you look at the totality of the circumstances, the officer articulated the facts upon which he is allowed to inquire." Thus, the court denied defendant's motion.

Pursuant to a plea agreement, defendant pled no contest to felony driving a motor vehicle while having a blood-alcohol concentration of .08 percent or above and also admitted three prior convictions and a prior prison term. The court dismissed the remaining counts and sentenced defendant to three years and eight months in prison. Defendant timely appealed.

DISCUSSION

On appeal, defendant argues that the trial court erred in denying his motion to suppress, contending there was insufficient evidence to justify the traffic stop conducted by Deputy Brown, and as such any evidence obtained as a result of the traffic stop should be suppressed as fruit of the poisonous tree. We disagree.

" 'In reviewing the denial of a motion to suppress evidence, we view the record in the light most favorable to the trial court's ruling and defer to its findings of historical fact, whether express or implied, if they are supported by substantial evidence. We then decide for ourselves what legal principles are relevant, independently apply them to the historical facts, and determine as a matter of law whether there has been an unreasonable search and/or seizure.' " (*People v. Gemmill* (2008) 162 Cal.App.4th 958, 963.)

---

[1] Vehicle Code section 22107 provides as follows: "No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter in the event any other vehicle may be affected by the movement."

# I

## *The Trial Court's Factual Findings*

Defendant argues there was insufficient evidence to support the trial court's factual findings of the lane changes without signaling and the subsequent weaving of defendant's car. First, defendant argues that because Deputy Brown could not remember precisely which lanes defendant moved between, there is insufficient evidence to support the court's findings. We are not persuaded.

Even if the evidence presented does not account for every detail, "[a]s the finder of fact in a proceeding to suppress evidence [citation], the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable." (*People v. Woods* (1999) 21 Cal.4th 668, 673-674.) On review for substantial evidence, we must accept the logical inferences that the finder of fact might have drawn. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) Here, based on the testimony from Deputy Brown, it was perfectly reasonable for the court to conclude that defendant changed lanes without signaling.

Second, defendant challenges the trial court's finding that there were other drivers in proximity to defendant who might have been affected by defendant's lane changes within the meaning of Vehicle Code section 22107. Defendant argues that the lane changes did not violate the Vehicle Code despite the presence of other vehicles because his lane changes were foreseeable. In support of this argument, defendant relies on *People v. Logsdon* (2008) 164 Cal.App.4th 741, in which the appellate court affirmed the trial court's denial of a motion to suppress in circumstances similar to this case. (*Id.* at p. 743.)

In *Logsdon*, a police officer saw the defendant pull out from a gas station into the middle lane of a boulevard and then cross from the middle lane to the far right lane without signaling. (*People v. Logsdon*, *supra*, 164 Cal.App.4th at p. 743.) The officer's

car was the only car behind the defendant when he changed lanes. (*Ibid*.) The appellate court upheld the trial court's finding that the officer's car was a vehicle that "may be affected" within the meaning of the statute. (*Id*. at p. 745-746.) The appellate court explained that, given the basic purpose of signaling as a means to communicate intent, the lack of a turn signal may affect other drivers by failing to inform them of the initial driver's intent, which will leave them without the "necessary information by which preparations can be made to drive safely." (*Id*. at p. 746.)

Based on the court's comments on the basic communicative function of signaling, defendant argues that no vehicle "may be affected" within the meaning of Vehicle Code section 22107, and thus no signal is required, if a driver's movements are "foreseeable." From that, defendant argues that the two lane changes at issue here did not violate the Vehicle Code because it was foreseeable that someone "would probably" change lanes in those circumstances.

We disagree with defendant's reading of *Logsdon*. In *Logsdon*, the court simply discussed how changing lanes without a signal could potentially affect other drivers by failing to give them notice of the initial driver's intent. The court did *not* create an exception to Vehicle Code section 22107 based on whether the initial driver's movements are foreseeable. The statute itself does not include any such caveat. More importantly, here the trial court *found* there were other drivers who might have been affected by defendant's lane changes. Given Deputy Brown's testimony regarding traffic conditions, we conclude that there was substantial evidence to support the court's finding.[2]

---

[2] Defendant also challenged the sufficiency of the evidence that he weaved in his lane, but in light of the basis on which we uphold the trial court's ruling, we need not address that argument.

5

## II

### *The Reasonableness Of The Vehicle Stop*

" ' "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." [Citation.] Ordinary traffic stops are treated as investigatory detentions for which the officer must be able to articulate specific facts justifying the suspicion that a crime is being committed.' [Citation.] The motivations of the officer are irrelevant to the reasonableness of a traffic stop under the Fourth Amendment. [Citation.] 'All that is required is that, on an objective basis, the stop "not be unreasonable under the circumstances." ' " (*People v. Suff* (2014) 58 Cal.4th 1013, 1053-1054.)

Here, Deputy Brown articulated specific facts that allowed the trial court to find that defendant changed lanes without signaling in violation of Vehicle Code section 22107. As discussed above, defendant's argument that he was not required to signal because his movements did not affect other vehicles is without merit. The trial court found that there were other drivers in proximity to defendant who could have been affected by defendant's movements, which triggers the signaling requirement of Vehicle Code section 22107. As such, there were sufficiently articulated facts to provide an " ' "objective manifestation" ' " that the defendant violated the law. (*People v. Suff*, *supra*, 58 Cal.4th at p. 1053.) Because the stop was justified based on those facts alone, we need not consider Deputy Brown's actual suspicions, defendant's weaving subsequent to the lane changes, or the People's argument that Deputy Brown had a sufficient basis to suspect him of driving under the influence.

Because the initial stop of defendant was reasonable under the Fourth Amendment, the trial court did not err in denying the motion to suppress.

6

## DISPOSITION

The judgment is affirmed.


/s/ _____
Robie, Acting P. J.


We concur:


/s/ _____
Butz, J.


/s/ _____
Duarte, J.

7